IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JAMES W. HARMS, | ) | |
| Plaintiff, | ) ) | CV-05-158-ST |
| v. | ) ) ) | FINDINGS AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) | |

STEWART, Magistrate Judge:

## **INTRODUCTION**

Defendant, the Commissioner of Social Security, moves for an order dismissing the Complaint filed by James W. Harms ("Harms") because it was not timely filed (docket #7). Harms has filed no response. For the reasons that follow, defendant's motion should be granted.

///

///

///

1 - FINDINGS AND RECOMMENDATION

# DISCUSSION

According to defendant, an Administrative Law Judge ("ALJ") issued a decision on June 26, 2003, finding that Harms was not entitled to disability insurance benefits within the meaning of the Social Security Act. Harms requested review by the Appeals Council, which the Appeals Council denied on November 12, 2004. The Appeals Council sent Harms a notice of that denial and also informed him that the time for filing a civil complaint expired 65 days after the Appeals Council letter was sent. Harms filed this action on February 2, 2005.

Judicial review of final decisions on claims arising under Title II or Title XVI of the Social Security Act governed by §§ 205(g) and (h) which provide as follows

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a <u>civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow</u>.
>
> * * *
>
> (h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. <u>No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.</u> No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 USC §§ 504 (g) and (h) (emphasis added).

Receipt by the claimant is presumed five days after the date of mailing of the notice of the Commissioner's final decision unless a reasonable showing is made to the contrary by the Appeals Council. 20 CFR §§ 404.901, 416.1401, and 422.210(c).

There is no other source of federal jurisdiction for social security disability claims. *Heckler v. Ringer*, 466 US 602 (1984); *Matthews v. Eldridge*, 424 US 323, 327 (1976); *Weinberger v. Salfi*, 422 US 749, 756-57 (1975). The 60 day limitations period in the Social Security Act serves "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 US 467, 481 (1986). The Ninth Circuit strictly enforces the 60 day time limitation. *Banta v. Sullivan*, 925 F2d 343 (9th Cir 1991); *Matlock v. Sullivan*, 908 F2d 492 (9th Cir 1990).

Harms's Complaint fails to state a claim upon which relief can be granted because it was not filed 65 days (60 days limitations period plus five days for presumptive receipt) after the Appeal Council's letter was sent. Harms was required to file this action on January 18, 2005 at the latest, but did not do until February 2, 2005, which was 15 days too late. There is no evidence before this court that Harms is entitled to further time due to equitable tolling or any other applicable law or administrative regulation.

## **RECOMMENDATION**

Defendant's Motion to Dismiss (docket #7) should be GRANTED and a judgment should be entered dismissing this case for lack of subject matter jurisdiction.

///

///

///

# SCHEDULING ORDER

Objections to the Findings and Recommendation, if any, are due **July 29, 2005**. If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

DATED this 11th day of July, 2005.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge